IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE HEALTH AND WELFARE FUND, and<br>INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE ANNUITY FUND<br>P.O. Box 1627<br>Fort Washington, PA 19034,<br><br>And<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542-D, AFL-CIO<br>1375 Virginia Drive, Suite 100<br>Fort Washington, PA 19034,<br><br>Plaintiffs,<br><br>v.<br><br>ALARCON & MARRONE, INC.<br>515 East Kennedy Road<br>North Wales, PA 19454,<br><br>Defendant. | CIVIL ACTION<br>NO. |

# COMPLAINT

**INTRODUCTION**

This is an action brought by employee benefit plans to collect delinquent contributions, interest on delinquent contributions, liquidated damages, and attorneys' fees pursuant to Section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, and the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185, and to collect unremitted union dues pursuant to the LMRA.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because Plaintiffs International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund") and the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in Pennsylvania.

**PARTIES**

3. At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3) and (37) of ERISA, 29 U.S.C. §1002(2), (3), and (37) which are maintained for the purpose of providing health and welfare and retirement annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

4. At all times relevant hereto, the Funds maintain their principal place of business at the address in the caption.

5. The Funds bring this action on behalf of themselves and on behalf of Plan Participants and Beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

6. At all times relevant hereto Plaintiff International Union of Operating Engineers Local Union 542-D, AFL-CIO (the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant Alarcon & Marrone, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

7. At all times relevant hereto, the Union maintains its principal place of business at the address listed in the caption.

8. The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

9. Defendant, Alarcon & Marrone, Inc. (hereinafter the "contributing employer"), is an employer in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

10. At all times relevant hereto, the contributing employer was a party to a collective bargaining agreement whereby it agreed to make full and timely payments to the Funds based upon the number of employees employed and the number of compensated hours for those employees, and to remit union dues to the Union from the paychecks of employees who authorizes such deduction. A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit A.

## COUNT ONE
## Delinquent Contributions
## Funds v. Contributing Employer

11. The above paragraphs are incorporated herein by reference as though duly set forth at length.

12. The amount of contributions due to each of the Funds from the contributing employer is determined by the number of employees covered by the collective bargaining agreement and the number of compensated hours for those employees. (Exhibit A, Article III, Section II(a)-(c))

13. Pursuant to the "penalty clause" of Article III, Section II of the collective bargaining agreement, the above contributions are due to the Funds on a monthly basis on the fifteenth (15th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit A, pp. 6-7)

14. Under that "penalty clause" in the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B) and (C), contributions that are not paid by the day on which they are due accrue interest, calculated at a rate of twenty percent (20%) per annum or two percent (2%) above the prime rate, whichever is higher, and are assessed a fine of one hundred dollars ($100.00) for each Fund. (Exhibit A, pp. 6-7)

15. Beginning with the March 2017 reporting month, the contributing employer has failed and refused to submit payments to the Funds.

16. The Funds calculate that the contributing employer owes a total of $12,530.00 to the Health and $1,530.00 to the Annuity Fund for the March 2017 through September 2017 reporting months, as well as penalties and interest for those months.

17. By letter dated October 13, 2017, the Funds and Union, through its counsel, sent the contributing employer a letter demanding payment of the $14,060.00 in total principal delinquency to the Funds, plus ongoing interest and $1,400.00 in penalties. A true and correct copy of the October 13, 2017 letter is attached hereto as Exhibit B.

18. The contributing employer failed and refused to respond to the October 13, 2017 letter.

19. As of December 1, 2017, Plaintiffs calculate that the contributing employer owes a total of $16,070.00 principal delinquency to the Funds, $832.39 in interest on those amounts, and $1,600.00 in penalties/liquidated damages, pursuant to Article III, Section II of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A)-(C). A true and correct copy of the Funds and Union's calculation of the amounts owed as of December 1, 2017 is attached hereto as Exhibit C.

20. The contributing employer is also liable for the Funds attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2)(D).

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Funds for the following:

    (1)    $16,070.00 in delinquent principal contributions for the reporting months of March 2017 through October 2017, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(2) Such additional principal contributions that become delinquent during the pendency of this action, pursuant to 29 U.S.C. §1132(g)(2)(A)

(3) Ongoing interest on the principal amounts in (1) and (2) calculated at a rate of twenty percent per annum, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(4) Penalties/liquidated damages equal to $100.00 for each delinquent month for each delinquent Fund pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(5) Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2)(D); and

(6) Any further relief the court finds just and proper.

## COUNT TWO
### Unremitted Dues
### Union v. Contributing Employer

21. The above paragraphs are incorporated herein by reference as though duly set forth at length.

22. Pursuant to Article I, Sections IV and V, the contributing employer is required to deduct union dues from the wages of employees who authorize such a deduction and to remit the deducted amounts to the Union by the fifteenth day of the month.

23. The Union has calculated that the contributing employer owes a total of $770.00 in dues that were or should have been deducted from employees' pay and remitted to the Union for the months of March 2017 through October 2017. Exhibit C.

24. By not remitting dues deducted from the pay of employees' who authorize such a deduction the contributing employer violated the collective bargaining agreement, which is actionable under the LMRA, 29 U.S.C. §185.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Union for the following:

(1) $770.00 in unremitted dues for the months of March 2017 through October 2017;

(2) Such additional unremitted dues that become delinquent during the pendency of this action; and

(3) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: _____
REGINA C. HERTZIG, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: November 29, 2017